People v Rowe (2025 NY Slip Op 03843)

People v Rowe

2025 NY Slip Op 03843

Decided on June 26, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 26, 2025

CR-23-1031
[*1]The People of the State of New York, Respondent,
v
Uton Rowe, Appellant.

Calendar Date:May 23, 2025

Before:Egan Jr., J.P., Clark, Aarons, Ceresia and McShan, JJ.

Angela Kelley, East Greenbush, for appellant.
Danielle Neroni Reilly, Special Prosecutor, Albany, for respondent.

Appeal from a judgment of the County Court of Albany County (Andra Ackerman, J.), rendered December 6, 2022, which revoked defendant's probation and imposed a sentence of imprisonment.
In full satisfaction of a two-count indictment, defendant pleaded guilty to the reduced charge of criminal possession of a weapon in the third degree in March 2022 and was sentenced to five years of probation — subject to various terms and conditions. Five months later, defendant was charged with violating his probation by traveling outside of County Court's jurisdiction without permission and failing to report to his probation officer. Defendant waived a hearing and agreed to admit to violating his probation by traveling out-of-state without permission with the understanding that County Court would revoke his probation and sentence him to a prison term of five years, to be followed by three years of postrelease supervision. In conjunction therewith, defendant also was required to waive his right to appeal. Following defendant's admission, County Court revoked defendant's probation and imposed the agreed-upon sentence. This appeal ensued.
Both County Court's oral colloquy and the written waiver executed by defendant after consultation with counsel explained the separate and distinct nature of the right to appeal and made clear that certain issues survived for appellate review (see People v Morris, 237 AD3d 1325, 1325 [3d Dept 2025]; People v Taylor, 228 AD3d 1144, 1145 [3d Dept 2024], lv denied 42 NY3d 1022 [2024]). Accordingly, we are satisfied that defendant knowingly, intelligently and voluntarily waived his right to appeal (see People v Joseph, 227 AD3d 1233, 1234-1235 [3d Dept 2024], lv denied 42 NY3d 1053 [2024]). In light of the valid appeal waiver, defendant's challenge to the severity of his sentence is precluded (see People v Williams, 235 AD3d 1066, 1067 [3d Dept 2025]; People v Leroux, 234 AD3d 1214, 1214 [3d Dept 2025]). Accordingly, the judgment of conviction is affirmed.
Egan Jr., J.P., Clark, Aarons, Ceresia and McShan, JJ., concur.
ORDERED that the judgment is affirmed.